Karen ANDERSON, Plaintiff-Appellee,

v.

AUTO-OWNERS INSURANCE COMPANY, Defendant-Appellant.

No. 97-3270.

United States Court of Appeals,

Eleventh Circuit.

July 3, 2000.

Appeal from the United States District Court for the Middle District of Florida (No. 96-00247-CIV-OC-10A); Wm. Terrell Hodges, Judge.

Before BIRCH and KEITH*, Circuit Judges.**

PER CURIAM:

On April 13, 1999, we issued an opinion in this case in which we requested the Florida Supreme Court's assistance with respect to a certified question concerning whether the tractor-trailer rig involved in this case should be treated as a single-covered automobile, under the insurance policy language forming the basis of the present dispute, or whether the single accident resulting in plaintiff-appellee Anderson's injuries constituted two occurrences within the meaning of the policy. *See Anderson v. Auto-Owners Ins. Co.,* 172 F.3d 767, 770 (11th Cir.1999). The Florida Supreme Court rephrased the questions as follows:

> I. Based on the applicable insurance policy language, should the tractor and trailer each be treated as a single covered automobile?
>
> II. If the tractor and trailer should each be treated as a single covered automobile, does the applicable policy language unambiguously limit coverage to a total of $750,000, even when multiple insured vehicles are involved in a single accident?

*Auto-Owners Ins. Co. v. Anderson,* 756 So.2d 29 (Fla.2000). The Florida Supreme Court then answered "the first rephrased certified question in the affirmative," finding "that the tractor and trailer should each be treated

---

*Honorable Damon J. Keith, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

**Judge Joseph W. Hatchett resigned on May 14, 1999, and did not participate in this decision. This decision is rendered by quorum. 28 U.S.C. § 46(d).

as a single covered automobile." *Id.* at 33. The Florida Supreme Court answered "the second rephrased certified question in the negative" finding that the policy provided "separate liability coverages for each insured vehicle that was involved in the accident" and "the total available liability coverage for the accident that involved both vehicles is $1,500,000." *Id.* at 37.

Because the Florida Supreme Court's holdings are consistent with the rulings of the district court, the district court's grant of summary judgment and award of $1,500,000 to Anderson for her injuries is AFFIRMED.