PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03 2000
THOMAS K. KAHN
CLERK

_____

No. 97-3270
_____

D. C. Docket No. 96-247-CIV-OC-10AE

KAREN ANDERSON,

Plaintiff-Appellee,

versus

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 3, 2000)**

Before BIRCH and KEITH*, Circuit Judges.**

_____

*  Honorable Damon J. Keith, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

** Judge Joseph W. Hatchett resigned on May 14, 1999, and did not participate in this decision.
This decision is rendered by quorum.  28 U.S.C. § 46(d).

PER CURIAM:

On April 13, 1999, we issued an opinion in this case in which we requested the Florida Supreme Court's assistance with respect to a certified question concerning whether the tractor-trailer rig involved in this case should be treated as a single-covered automobile, under the insurance policy language forming the basis of the present dispute, or whether the single accident resulting in plaintiff-appellee Anderson's injuries constituted two occurrences within the meaning of the policy. See Anderson v. Auto-Owners Ins. Co., 172 F.3d 767, 770 (11th Cir. 1999). The Florida Supreme Court rephrased the questions as follows:

> I. Based on the applicable insurance policy language, should the tractor and trailer each be treated as a single covered automobile?
>
> II. If the tractor and trailer should each be treated as a single covered automobile, does the applicable policy language unambiguously limit coverage to a total of $750,000, even when multiple insured vehicles are involved in a single accident?

Auto-owners Ins. Co. v. Anderson, 756 So.2d 29, __ (Fla. 2000). The Florida Supreme Court then answered "the first rephrased certified question in the affirmative," finding "that the tractor and trailer should each be treated as a single covered automobile." Id. at __. The Florida Supreme Court answered "the second rephrased certified question in the negative" finding that the policy provided "separate liability coverages for each insured vehicle that was involved in the accident" and "the

**2**

total available liability coverage for the accident that involved both vehicles is $1,500,000." Id. at __.

Because the Florida Supreme Court's holdings are consistent with the rulings of the district court, the district court's grant of summary judgment and award of $1,500,000 to Anderson for her injuries is AFFIRMED.