PUBLISH

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/13/99
THOMAS K. KAHN
CLERK

No. 97-3270

D.C. Docket No. 96-247-CIV-OC-10A

KAREN ANDERSON,

Plaintiff-Appellee,

versus

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(April 13, 1999)**

Before HATCHETT, Chief Judge, BIRCH, Circuit Judge, and KEITH*, Senior Circuit Judge.

PER CURIAM:

---

* Honorable Damon J. Keith, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

This case requires us to determine whether two separate vehicles traveling in tandem and causing a single automobile accident constitutes one or two "occurrences" for purposes of insurance policy indemnification for the victim. Because we find no definitive Florida precedent for this insurance policy language interpretation issue, we certify the question to the Supreme Court of Florida.

## I. FACTS

On December 7, 1996, appellant Karen Anderson was a passenger in a Mazda Miata convertible automobile traveling southbound in the left lane of Interstate 75. A tractor-trailer rig, comprised of a 1987 white tractor and a 1986 Great Dane commercial trailer, was also traveling southbound in the left lane. The Miata pulled into the right lane in order to pass the tractor-trailer rig, but while passing, the rig moved into the right lane. To avoid a collision, the Miata swerved off the highway and overturned. Anderson sustained severe injuries.

Craig Bishop owned both the tractor and trailer, and insured both through Auto-Owner's Insurance Company (Auto-Owner's), under the same policy. Auto-Owner's, pursuant to its contractual duty to defend Bishop, entered into settlement negotiations with Anderson. The negotiations reached an impasse when the parties disagreed as to the interpretation of portions of the insurance policy language. The limiting language in dispute reads as follows:

> The limit of liability stated in the Declarations is the most we will pay for all damages, including damages for expenses, care and loss of services and loss of use as a result of <u>any one occurrence</u>. Charging premiums under this policy for more than one automobile does not increase the limit of our liability as stated for each occurrence.

(Emphasis added).

2

Anderson filed a lawsuit in the Circuit Court for the Fifth Judicial Circuit of Florida, seeking a declaratory judgment that would award her the policy limit for both insured vehicles (the tractor and the trailer). Auto-Owner's removed the action to federal district court in October of 1996. Ultimately, Auto-Owner's settled the claim against Bishop, paying Anderson $750,000 in uncontested policy proceeds, and agreeing to litigate and resolve Anderson's claimed entitlement to a second $750,000 policy payout, in a separate action.

## II. PROCEDURAL HISTORY

Pursuant to a case management report filed with the district court, both parties agreed that because the sole issue required resolution as a matter of law, the court should render its decision through summary judgment. According to the district court, the issue before it presented a question of first impression in Florida.

The district court granted Anderson's motion for summary judgment, determining that although the rig was responsible for causing one accident, the rig was essentially two "automobiles," the tractor and the trailer. Thus, the policy limit of $750,000 was available to Anderson for each of the insured automobiles. The district court found that it was reasonable to interpret the above-cited policy language to mean that when two separate vehicles are involved in one single accident, two occurrences exist. The district court further found that if Auto-Owner's intended to treat the two separately covered vehicles as a single-covered vehicle when operated in tandem, it could have drafted the policy to achieve that result. Therefore, the district court awarded Anderson $1,500,000 for her injuries.

## III. DISCUSSION

In construing an insurance contract, it is well-settled in Florida that "a court must first examine the natural and plain meaning of a policy's language." Key v. Allstate Ins. Co., 90 F.3d 1546, 1548-49 (11th Cir. 1996). A court should read an insurance policy as a whole, and endeavor to give each provision its full meaning and operative effect. Dahl-Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1381 (11th Cir. 1993). Where the existence or nonexistence of coverage is clear from the unambiguous terms of the policy, the court must give those terms the effect their plain meaning dictates. See Key, 90 F.3d at 1549.

If, however, the relevant policy language is susceptible to multiple reasonable interpretations, one providing coverage and another denying it, the insurance policy is ambiguous. Dahl-Eimers, 986 F.2d at 1381. If an insurance policy is ambiguous, a court must resolve the ambiguity against the drafter of the policy in favor of coverage. Golden Door Jewelry Creations, Inc. v. Lloyd's Underwriters Non-Marine Assoc., 117 F.3d 1328, 1337 (11th Cir. 1997). Although courts must avoid "adding hidden meanings, terms, conditions, or unexpressed intentions" to policy provisions, a court should find ambiguity if any real doubt exists as to the proper construction of a policy provision when its terms are given their plain meaning. Key, 90 F.3d at 1549.

Auto-Owner's argues vigorously that the district court erred in interpreting the insurance policy as ambiguous and open to several reasonable interpretations. Auto-Owner's claims that its policy's limiting language covers the type of accident at issue. Further, Auto-Owner's argues that the plain meaning of the policy language is simply that "one occurrence" is equal to one accident, and maintains that the accident involving the Miata and the rig consisted of only one occurrence. See Weimer v. Country Mutual Ins. Co., 565 N.W.2d 595 (Wis. Ct. App. 1997)

4

(holding that the insurer of a dump-truck with an attached trailer was not liable to the injured party for the dual amount of the policy limit due to express limiting language in the policy to that effect).

Auto-Owner's directs this court to a number of non-binding state court opinions that hold where two or more related automobiles, insured through the same company, are involved in a single accident the insured party is not entitled to recover the policy limit of each automobile involved, but can only recover the policy limit of one automobile, or the policy limit of one accident. See, e.g., Shamblin v. Nationwide Mutual Ins. Co., 332 S.E.2d 639 (W. Va. 1985) (holding that the insurer of three vehicles traveling in a convoy, whose citizens band (CB) radio communications caused an accident and injuries, was not responsible for paying the policy limit available on all three automobiles due to express limiting language in the policy); Suh v. Dennis, 614 A.2d 1367 (N.J. Super. 1992) (holding that the insurer of two automobiles was not liable to the injured party for the policy amount on both cars because of express, limiting language in the policy, where employees were racing the cars ultimately causing the accident).

Auto-Owner's additionally claims that the district court's grant of summary judgment for Anderson was erroneous because it failed to consider the insurance policy as a whole, giving each provision an operative effect. See Dahl-Eimers, 986 F.2d at 1381. Auto-Owner's claims that the district court failed to follow the principles of construction, failed to attribute the plain and ordinary meanings to the undefined terms in the insurance policy and failed to consult the dictionary for definitions of purportedly ambiguous terms. See Berkshire Life Ins. Co. v. Adelberg, 698 So. 2d 828, 837 (Fla. 1997).

Anderson responds that Auto-Owner's argument that the current common law trend in this country--to disallow the recovery of two policy limits for two automobiles involved in one accident--is unpersuasive. Anderson rebuts each of the cases Auto-Owner's relies upon through showing that the policy language contains very specific limiting provisions, unlike the language in Auto-Owner's policy. Each policy Auto -Owners referenced contained some form of the following explicit language: "Regardless of the number of . . . vehicles involved in the accident . . . the company's liability is limited." Anderson argues that Auto-Owner's policy simply does not contain the traditional limiting language that forecloses recovery.

Anderson additionally responds that the plain meaning interpretation of the policy language clearly provides coverage in the amount of $750,000 for each of the two vehicles involved in the accident, resulting in total coverage available to her of $1,500,000. Thus, the issue of whether two separate vehicles involved in a single accident constitutes one or two occurrences for purposes of insurance policy payout appears to be an unsettled question of Florida law.

Accordingly, we certify the following question to the Supreme Court of Florida:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT
TO SECTION 25.031, FLORIDA STATUTES, AND RULE 9.150, FLORIDA RULES OF
APPELLATE PROCEDURE.

**TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:**

This panel of the United States Court of Appeals for the Eleventh Circuit concludes that this case involves an unanswered question of state law that is determinative of this appeal, and we can find no clear, controlling precedent in the decisions of the Supreme Court of Florida.

Therefore, we certify the following question of law based on the facts and procedural history recited above, to the Supreme Court of Florida for instructions.

Style of case: Karen Anderson, Plaintiff-Appellee, v. Auto-Owners Insurance Company, Defendant-Appellant, Case No. 97-3270.

Movant: Auto-Owners Insurance Company. See Fla. R. App. P. 9.150(d).

Statement of Facts: We incorporate our statement of facts from above.

Question to be certified to the Supreme Court of Florida:

Whether the tractor-trailer rig should be treated as a single covered automobile, under the policy language forming the basis of the present dispute, or whether the single accident resulting in Anderson's injuries constituted two occurrences within the meaning of the policy.

The phrasing of this question is not intended to limit the Supreme Court in considering the issue presented or the manner in which it gives its answer. See Dorse v. Armstrong World Ind., Inc., 798 F.2d 1372, 1377-78 (11th Cir. 1986). The entire record in this case and the briefs of the parties will be transmitted to the Supreme Court of Florida for assistance in answering this question.

**QUESTION CERTIFIED.**