453 So.2d 475 (1984)
United States AVIATION UNDERWRITERS, Appellant/Cross-Appellee,
v.
Mack VAN HOUTIN and Sharon Rose Van Houtin, Appellees/Cross-Appellants.
Nos. 83-1949, 83-2146.
District Court of Appeal of Florida, Second District.
July 25, 1984.
*476 Martin L. Garcia of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant/cross-appellee.
William C. Gregg, III, Clearwater, for appellees/cross-appellants.
PER CURIAM.
United States Aviation Underwriters seeks reversal of a final summary judgment and award of attorney's fees entered in favor of the appellees, its insureds. The trial court's judgment had the effect of holding that appellees were insured for physical damage coverage under the provisions of an aircraft policy issued by appellant. We agree with appellant that under the circumstances of this case, the policy did not provide such coverage. We reverse.
Appellees, Mac Van Houtin and Sharon Rose Van Houtin, obtained aircraft insurance on their airplane from appellant, United States Aviation Underwriters. The airplane was damaged during the policy period when Mac Van Houtin overshot a runway while attempting to land. The appellant denied coverage for physical damage because of Mac Van Houtin's flying status at the time of the accident. However, the policy contained a lienholder's endorsement under which appellant was obligated to pay Cessna Finance Corporation for damages to the aircraft up to the amount of Cessna's lien without regard to coverage defenses. Therefore, appellant paid Cessna $14,750 representing the full amount of its lien.
Appellant then sued appellees for reimbursement of its payment to Cessna.[1] The court ultimately entered final summary judgment and an award of attorney's fees for the appellees, holding that appellant's policy provided physical damage coverage for the accident. The only issue we discuss in this appeal concerns coverage.
The policy contained five printed sections, a coverage summary page, and several endorsements. The first printed section contained general provisions, the second described liability coverage, the third described physical damage coverage, the fourth described medical coverage, and the fifth described coverage for other aircraft. The coverage summary page specified the limits of appellees' liability coverage, physical damage coverage, and medical coverage and included a pilots addendum which named Mac Van Houtin as the authorized pilot providing he met certain qualification requirements.
The first section of the policy which was applicable to all coverages contained the following provision:

*477 Limitations on use. To be covered under this policy the aircraft must be owned, maintained or used only for the purpose described on the Coverage Summary page and flown only by a pilot or pilots described there. The aircraft must also be registered under a "Standard" Category Airworthiness Certificate issued by the Federal Aviation Administration (FAA), or its foreign equivalent.
Three weeks after the policy was issued but before the accident occurred, endorsement number 4[2] was added, which provided:
This endorsement amends your coverage as follows:
1. The "Pilots" section shown on the Coverage Summary Page is changed to read:
"Pilots"
A) Mac Van Houtin or Greg Van Houtin each holding an FAA Pilot Certificate. Each flight by Mac Van Houtin or Greg Van Houtin while holding a Student Pilot Certificate shall be under the direct supervision or have the specific approval of a pilot holding an FAA Flight Instructor Rating.
B) Any pilot holding an FAA Private Pilot Certificate who has flown a minimum of 300 hours as Pilot In Command, at least 10 hours of which shall have been in Cessna aircraft.
2. "Your Liability Coverage" shown on Page 2 and 3 of your policy will not cover claims made against you by passengers while Mac Van Houtin or Greg Van Houtin is operating the aircraft under a Student Pilot Certificate unless accompanied by a pilot holding an FAA Flight Instructor Certificate.
3. "Your Medical Coverage" shown on Page 5 of your policy will not cover Medical Expense while Mac Van Houtin or Greg Van Houtin is operating the aircraft with passengers under a Student Pilot Certificate unless accompanied by a pilot holding an FAA Flight Instructor Rating.
It was undisputed that at the time of the accident Mac Van Houtin held only a Student Pilot Certificate and was not operating the airplane under the direct supervision or with the specific approval of a pilot holding an FAA flight instructor rating. Appellant argues that there was no physical damage coverage because Mac Van Houtin did not meet the limitations on use required by paragraph 1(A) of endorsement number 4. Appellees respond that paragraphs 2 and 3 of the endorsement had the effect of creating an ambiguity resolvable in their favor. In essence, appellees reason that since these paragraphs excluded liability coverage and medical coverage under certain circumstances, the absence of any reference to physical damage coverage suggested that there were no pilot qualification requirements applicable to physical damage coverage. We disagree.
At the outset, we recognize that insurance contracts are to be construed strictly against the insurer and liberally in favor of coverage. New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964). Thus, if two interpretations may fairly be given to the language used in a policy, the one providing greater coverage should govern, particularly in the case of exclusions, since the burden rests on the insurer to phrase exceptions in clear and unmistakable language. Ward v. Nationwide Mutual Fire Insurance Co., 364 So.2d 73 (Fla. 2d DCA 1978). Nevertheless, while the policy provisions we have examined are rather complex, we find no ambiguities in the policy issued to appellees.
We begin our analysis by observing that the limitations on use provision clearly indicates that coverage would have been afforded only when the airplane was being operated by a pilot described in the coverage summary page. The coverage summary page as amended by the first paragraph of endorsement number 4 specifies that if Mac Van Houtin were flying under a student *478 pilot certificate rather than an FAA certificate, his flight would have to be under the direct supervision of or have the specific approval of an FAA flight instructor. Mac Van Houtin did not meet these qualifications when the accident occurred. The second and third paragraphs of endorsement number 4 are simply additional limitations on the liability and medical coverages applicable under some circumstances. Paragraph 2 provides that there would have been no liability coverage for claims by passengers while Mac Van Houtin was operating under a student pilot certificate unless he was accompanied by a pilot holding an FAA flight instructor certificate.[3] Likewise, paragraph 3 further limits medical coverage while Mac Van Houtin was operating the aircraft with passengers under a student pilot certificate to situations in which he was accompanied by a pilot holding an FAA flight instructor certificate. These additional limitations are peculiar to circumstances when passengers are involved. Such a restriction is not necessary for claims under physical damage coverage.
The absence of additional limitations on the physical damage coverage is not to be interpreted as eliminating the pilot qualification restrictions with respect to physical damage coverage. The general pilot qualification requirements of paragraph 1 apply to physical damage coverage under all circumstances. Since Mac Van Houtin did not meet these requirements at the time of the accident, the airplane was not covered. The provisions of this policy may appear complicated, but complexity should not be confused with ambiguity.
Accordingly, the final summary judgment is reversed. Likewise, the award of attorney's fees to appellees (which was granted pursuant to section 627.428, Florida Statutes (1981)) must also be reversed.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.
NOTES
[1] The lienholder's endorsement provided in part:

If we make any payment to a lienholder or lessor because you invalidated your policy:
We will be entitled to all the rights the lienholder or lessor has against you through the lien or lease. They agree to transfer and assign to us all legal documents they hold regarding the collateral, security or rights of recovery they have with you regarding loss or damage to the aircraft.
You agree to pay us back the full amount of the payment.
[2] This endorsement was issued to include Greg Van Houtin as an additional pilot but did not otherwise change the provisions of the pilots addendum on the coverage summary page.
[3] Hence, the pilot qualification requirements with respect to claims by those other than passengers would still be controlled by the provisions of paragraph 1.