627 So.2d 22 (1993)
HERTZ CORPORATION and William H. Brown, Appellants,
v.
AMERISURE INSURANCE COMPANY, Appellee.
No. 93-00223.
District Court of Appeal of Florida, Second District.
October 20, 1993.
Rehearing Denied November 12, 1993.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellant Hertz Corp.
James R. Shenko of Napier & Shenko, Naples, for appellant William Brown.
J. Thomas McGrady and David R. Reed of Mattson, McGrady & Todd, P.A., St. Petersburg, for appellee.
*23 PER CURIAM.
This appeal is taken from a final summary judgment entered in Amerisure Insurance Company's action for declaratory judgment in which it sought a determination of its obligation to its insured, William H. Brown. The trial court found no coverage and no duty to defend under Brown's motor vehicle liability policy with Amerisure, and Brown and Hertz Corporation appeal. We reverse.
Mr. Brown rented an automobile from Hertz for his friend, Tom Davis, who did not have a credit card as required by Hertz. Davis intended to be the operator of the automobile and paid for the rental. Brown testified by affidavit that it was only with this belief and under these conditions that he signed the Hertz rental agreement. Brown never drove the automobile nor was he ever in the automobile. At all times, the automobile was garaged at Davis' home when not being driven. Davis, while driving the rented automobile, was involved in an accident which caused the death of Samuel Ira Rivers. Rivers' estate sued Hertz for wrongful death, and Hertz successfully sued Brown for indemnification under the rental agreement. In the indemnification action, the court issued a partial summary judgment as follows:
The court finds as a matter of law that defendant Wm. H. Brown, is liable in indemnity to Hertz for damages incurred in excess of $25,000 arising out of the automobile accident that fatally injured Samuel Ira Rivers.
Thereafter, Amerisure filed its action for declaratory judgment.
Brown's liability for damages arises under the dangerous instrumentality doctrine. As stated in Boggs v. Butler, 176 So. 174, 176 (1937): "[u]nder the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts." To the same extent as an owner, a bailee is likewise liable to third persons under the doctrine. As stated in Sauer v. Sauer, 128 So.2d 761 (Fla. 2d DCA), cert. denied, 135 So.2d 742 (Fla. 1961):
It would therefore appear that the rule which is applicable to the instant case is not essentially based on respondeat superior nor on agency conceptions but on the practical fact that the bailee of a means of death and destruction should in justice answer for misuse of the vehicle by anyone operating it with his knowledge and consent.
128 So.2d at 764 (citations omitted).
The applicable liability provisions in Brown's policy with Amerisure provide: "[w]e will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The policy further provides: "[c]overed person" as used in this Part means: "1. You or any family member for the ownership, maintenance or use of any auto or trailer."
Insurance contracts are to be construed strictly against the insurer and liberally in favor of coverage. United States Aviation Underwriters v. Van Houtin, 453 So.2d 475, 477 (Fla. 2d DCA 1984).
We construe the quoted policy provisions to afford coverage to Brown under the facts of this case. Even if, arguably, the operation of the automobile by sub-bailee Davis, was not "use" of the automobile by the named insured Brown, the liability asserted against Brown is vicarious liability for the ownership, maintenance or use of the automobile by sub-bailee Davis.
The word "use" in the policy provision can include Brown's act of permitting Davis to drive the rented auto. In American Fire & Casualty Company v. Blanton, 182 So.2d 36 (Fla. 1st DCA 1966), the First District held, in the context of automobile liability insurance, that the word "use" is a broader concept than "operation," and includes the concept of a permittee's operating an automobile for the use of the insured.
In sum, we hold that Brown has liability coverage under his automobile liability policy with Amerisure. We therefore reverse and remand for further proceedings.
RYDER, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.