WOLF, Judge.
This is an appeal from a final declaratory judgment determining that no coverage existed under an automobile liability policy issued by appellee, Mid-Century Insurance Company, to appellant, Gwendolyn L. Abraham. We find that coverage existed in favor of Abraham pursuant to the policy, and reverse.
This case arises out of an automobile accident which occurred April 1,1995. Appellant rented a car from coappellant, Avis Rent-A-Car Systems. She allowed her nephew, appellant Shawn L. Sanders, to borrow the car. Appellee, Mid-Century Insurance Company, had issued a motor vehicle insurance policy to Abraham which was in effect on April 1, 1995.
While Sanders had possession of the car, he was involved in an automobile accident injuring LeJuan Clay. Clay filed a complaint against Sanders, Abraham, and Avis. Mid-Century filed an action seeking a declaratory judgment precluding coverage for the injuries sustained in the April 1, 1995, accident. After a nonjury trial, the trial court found no coverage under the policy. In pertinent part the policy states,
We will pay damages for which any insured person is legally liable because of bodily injury to any person and property damage arising out of the ownership, maintenance or use of a private passenger car, a utility car, or a utility trailer.
It is undisputed that Abraham was legally liable under the dangerous instrumentality doctrine for her decision to allow Sanders to use the car. In an almost identical situation, the second district relying on case law from this district, found coverage for the insured. See Hertz Corp. v. Amerisure Ins. Co., 627 So.2d 22 (Fla. 2d DCA 1993).
In Hertz, Amerisure issued a policy to Brown who rented a car from Hertz. The policy in that case stated in relevant part as follows:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident....
Id. at 23. Brown never drove the automobile, but instead rented it for Davis who did not have a credit card. Davis was involved in a fatal accident while driving the car. The victim’s estate sued Hertz, who in turn sued Brown for indemnification under the rental agreement. The trial court found Brown liable, but found no coverage under Brown’s policy with Amerisure. In Hertz, the second district reversed, finding that under a strict construction of the policy against the insurer, the policy afforded coverage based on Brown’s vicarious liability. In the instant case, construing the policy against the insurance company, Abraham’s vicarious liability triggers coverage under the policy. See also American Fire & Casualty Co. v. Blanton, 182 So.2d 36, 38-39 (Fla. 1st DCA 1966).
*496 We, therefore, reverse and remand for entry of a judgment in favor of appellant.
BOOTH and JOANOS, JJ., concur.