**VOZZCOM, INC., a Florida corporation, Plaintiff,**

v.

**BEAZLEY INSURANCE COMPANY, INC., a foreign profit corporation; and Great American Insurance Company of New York d/b/a Great American Insurance, a foreign profit corporation, Defendants.**

**Case No. 08–62044–CIV**

United States District Court,
S.D. Florida.

June 17, 2009.

---

John Martin Mullin, Paul Octavio Lopez, Tripp Scott, Fort Lauderdale, FL, for Plaintiff.

Gary I. Khutorsky, Yelena Shneyderman, Stephens Lynn Klein & Mcnicholas, Miami, FL, Andrew Tramont, Jr., Tramont Guerra & Nunez, Coral Gables, FL, for Defendants.

## ORDER

CECILIA M. ALTONAGA, District Judge.

THIS CAUSE came before the Court on Defendant, Beazley Insurance Company, Inc.'s ("Beazley['s]") Motion for Summary Judgment [D.E. 26], filed on April 14, 2009; Defendant, Great American Insurance Company, Inc.'s ("Great American['s]") Motion for Summary Judgment [D.E. 27], filed on April 21, 2009; and Plaintiff, Vozzcom, Inc.'s ("Vozzcom['s]") Cross–Motion for Summary Judgment [D.E. 45], filed on May 20, 2009. The

Court has carefully considered the parties' written submissions and applicable law.

## I. BACKGROUND[1]

This case arises from an insurance dispute. Plaintiff, Vozzcom, was issued an employment practices liability policy by Beazley. (*See* Beazley's Motion for Summary Judgment (*"Beazley's Mot."*) [D.E. 26] at 1). This policy included an endorsement that covered defense costs incurred by Vozzcom in lawsuits by its employees for violations of wage and hour laws. (*See id.*). The policy period ran from January 1, 2007 through January 1, 2008. (*See id.*).

On June 4, 2007, a former Vozzcom employee, Claudio Teixeira ("Teixeira"), filed a lawsuit against Vozzcom. Teixeira had been employed by Vozzcom from approximately November 2006 until April 2007, performing cable installation and related services for Vozzcom. (*See* Teixeira Complaint (*"Teixeira Compl."*), Exhibit A, [D.E. 27–2]). In his lawsuit, Teixeira claimed that during his employment with Vozzcom, Vozzcom engaged in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See id.*). Beazley secured defense counsel for Vozzcom and paid Vozzcom's legal bills defending the Teixeira claim. (*See Beazley's Mot.* at 1).

The following year, rather than renewing its policy with Beazley, Vozzcom obtained a similar employment practices liability policy from Great American. (*See id.*). The Great American policy had a coverage period from January 1, 2008 through December 31, 2008. (*See id.* at 1–2).

On January 17, 2008, another former Vozzcom employee, Francisco DaSilva, filed suit against Vozzcom alleging FLSA violations. (*See* Great American Insurance Company's Motion for Summary Judgment (*"Great American's Mot."*) [D.E. 27]

at 3; *see* DaSilva Complaint (*"DaSilva Compl."*), Exhibit B [D.E. 27–3]). DaSilva worked for Vozzcom between September 2006 and April 2007, and, like Teixeira, had performed cable installation and related services.

Vozzcom notified Beazley about the DaSilva claim, seeking coverage for the defense of the lawsuit. (*See Beazley's Mot.* at 4). Beazley denied coverage on the ground that the DaSilva claim was commenced after the expiration of the Beazley policy period. (*See id.*). Vozzcom then notified Great American of the claim, again seeking coverage for the defense of the claim. (*See id.*). Great American denied coverage on the ground that the claim "arose" during the Beazley coverage period. (*See id.*).

The Beazley policy contained the following relevant provisions:

**THIS IS A CLAIMS MADE AND REPORTED POLICY. SUBJECT TO ITS TERMS, THIS POLICY APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD, IF APPLICABLE, PROVIDED SUCH CLAIM IS REPORTED IN WRITING TO THE INSURER AS SOON AS PRACTICABLE. WITHOUT NEGATING THE FOREGOING REQUIREMENTS, SUCH NOTICE OF CLAIM MUST ALSO BE REPORTED NO LATER THAN 60 DAYS AFTER THE END OF THE POLICY PERIOD OR, IF APPLICABLE, THE EXTENDED REPORTING PERIOD. . . .**

(Beazley Employment Practices Liability Insurance Coverage (*"Beazley Policy"*), Exhibit A[D.E. 26–2] at 2) (all emphasis in the text of the policy is in the original).

---

1. The parties agree that no material facts are in dispute.

NOTICE: **This Coverage is Provided on a Claims Made and Reported Basis.** Except to such extent as may otherwise be provided herein, the coverage afforded under this insurance policy is limited to liability for only those Covered **Claims** that are first made against an Insured and reported to us (in accordance with the provisions regarding notice) while the insurance is in force....

(*Id.* at 16).

## I. COVERAGE: WHAT IS COVERED

A. We will pay Loss amounts that an Insured is legally obligated to pay on account of a **Claim** because of an **Insured Event,** provided such **Claim** is first made during the Policy Period or, if applicable, the Extended Reporting Period, and reported in writing to us as soon as practicable but in no event later than sixty (60) days after any Insured who is a principal, partner, officer, director, trustee, in-house counsel, **Employee(s)** within the Human Resources of Risk Management department of **Employee(s)** with personnel and risk management responsibilities, becomes aware that a **Claim** has been made. Without negating the foregoing requirements, such notice of **Claim** must also be reported no later than sixty (60) days after the end of the Policy Period or, if applicable, the Extended Reporting Period. The amount we will pay is limited as described in the **LIMIT OF LIABILITY** and **SELF INSURED RETENTION** sections of this policy.

(*Id.*).

## III. WHEN COVERAGE IS PROVIDED

A. **Claims** are considered to be first made on the date the **Claim** is first commenced by the claimant and not the date any Insured is served or first receives notice of a **Claim.**

All **Claims** because of **One Insured Event** or, if purchased **One Third Party Insured Event,** will be considered to have been made on the date that the first of those **Claims** was first made.

(*Id.* at 20).

J. **Insured Event** means actual or alleged acts of Discrimination, **Harassment, Retaliation** and/or **Inappropriate Employment Conduct,** by an Insured against an **Employee** or former **Employee** or applicant for employment with an Insured entity. **Insured Event** shall not include Claims for actual or alleged violations of any federal, state or local **Wage and Hour Laws** or regulations.

(*Id.* at 29).

L. **One Insured Event** means (1) one or more covered allegations of **Discrimination, Harassment, Retaliation** and/or **Inappropriate Employment Conduct** which are related by an unbroken chain of events or (2) class action or multiple claimant or multiple plaintiff suits arising out of related **Insured Events.**

(*Id.* at 31).

As stated, the policy also contains a "Wage and Hour Enhancement Endorsement," which reads, in relevant part, as follows:

**Effective date of this Endorsement: 01–January–2007**

**This Endorsement is attached to and forms a part of Policy Number: V15FF207PNTE**

**Insurer: Beazley Insurance Company, Inc.**

### WAGE AND HOUR ENHANCEMENT ENDORSEMENT

This endorsement modifies insurance provided under the following

**EMPLOYMENT PRACTICES LIABILITY POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that

1. Notwithstanding Section II WHAT IS NOT COVERED, Exclusions E, the Insurer agrees to provide **Defense Costs** coverage for **Wage and Hour Claims.**

 For purposes of this endorsement, **Wage and Hour Claim** shall mean any **Claim** solely alleging violations of any **Wage and Hour Law.**

(*Id.* at 12).

The Great American policy also contains certain relevant provisions:

**Section I. Insuring Agreements**

A. The **Insurer** shall pay on behalf of the **Insured Persons** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim** or a **Securities Claim**) first made against the **Insured Persons** during the **Policy Period** or the **Discovery Period** for a **Wrongful Act,** except for any **Loss** which the **Company** actually pays as indemnification.

B. The **Insurer** shall pay on behalf of the **Company** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim** or a **Securities Claim**) first made against the Insured Persons during the Policy Period or the Discovery Period for a **Wrongful Act,** but only to the extent the Company is required or permitted by law to indemnify the **Insured Persons.**

(Great American Insurance Companies Policy (*"Great American Policy"*), Exhibit D [D.E. 27–5] at 4) (all emphasis in original).

A. **"Claim"** shall mean:

(1) a written demand for monetary or non-monetary relief made against any **Insured** and reported to the **Insurer** pursuant to Section VIII.A.(*l* );or

(2) a civil, criminal, administrative or arbitration proceeding made against any **Insured** seeking monetary or non-monetary relief and commenced by the service of a complaint or similar pleading, the return of an indictment, or the receipt or filing of notices of charges or similar document, including any proceeding initiated against any **Insured** before the Equal Employment Opportunity Commission or any similar governmental body.

(*Id.* at 5)

O. **"Related Wrongful Acts"** shall mean **Wrongful Acts** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision.

\* \* \*

R. **"Wrongful Act"** shall mean:

(1) any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty, or **Employment Practices Wrongful Act,** by any Insured Person in their capacity with the **Company;**

(2) any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty by the **Insured Entity,** but only with respect to Insuring Agreement I.C;....

(*Id.* at 6).

**Section IV. Exclusions**

The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured:**

\* \* \*

**B.** based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any **Wrongful Act** or **Related Wrongful Act** or any fact, circumstance or situation which has been the subject of any notice or **Claim** given under any other policy of which this Policy is a renewal or replacement;

**C.** based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any prior and/or pending civil, criminal, administrative or investigative proceeding involving the **Company** and/or and **Insured Persons** as of the date stated in Item 7 of the Declarations, or any fact, circumstance or situation underlying or alleged in such proceeding; . . . .

(*Id.* at 7).[2]

## AMENDMENT TO SECTION VI. RETENTION

It is understood and agreed that Section VI. B. of the Policy is hereby deleted and replaced with the following:

Section VI.B.

More than one **Claim** involving the same **Wrongful Act** or **Related Wrongful Acts** of one or more **Insureds** shall be considered a single **Claim**. All such **Claims** constituting a single **Claim** shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such **Claim** was first made; or (2) the earliest date on which any such **Wrongful Act** or **Related Wrongful Act** was reported un-

der this Policy or any other policy providing similar coverage.

(*Id.* at 22).

After both Beazley and Great American denied coverage, Vozzcom retained counsel and defended the DaSilva claim at great expense. (*See* Plaintiff's Complaint ("*Compl.*") [D.E. 1] at ¶ 13). Vozzcom then filed suit in state court against both Beazley and Great American seeking a declaratory judgment as to each insurer's obligations under the policies (Count I), as well as a claim for breach of contract against both insurers (Count II). The suit was timely removed to this Court. (*See* Notice of Removal [D.E. 1] ). Both Beazley and Great American move for summary judgment. Vozzcom has filed a cross-motion for summary judgment in its favor.

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties

**2.** Item 7 of the Declarations of the Policy states: "Prior and Pending Date 01/01/2008."

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record ... mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## III. ANALYSIS

Both Beazley and Great American seek summary judgment against Vozzcom, and Vozzcom moves for summary judgment against each Defendant on both of its claims. To be entitled to declaratory relief, a plaintiff must show there is a " 'bona fide, actual, present practical need for the declaration ... and that the relief sought is not merely giving of legal advice by the courts.' " *Orange Cty. v. Expedia, Inc.*, 985 So.2d 622, 625–26 (Fla. 5th DCA 2008) (quoting *Palumbo v. Moore*, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001)) (quoting *May v. Holley*, 59 So.2d 636, 639 (Fla.1952)). The elements for a breach of contract action are (1) a valid contract, (2) a material breach, and (3) damages. *See Brooks Tropicals, Inc. v. Acosta*, 959 So.2d 288, 292 (Fla. 3d DCA 2007) (citations omitted).[3] For the reasons stated below, the Court finds Vozzcom is entitled to summary judgment on both of its claims against Beazley, and that Great American is entitled to judgment in its favor.

### A. Beazley's Motion for Summary Judgment

Beazley's argument centers on its interpretation of the policy definition of "One Insured Event." Beazley begins by acknowledging that its policy has a "relation back" provision, such that related events may be considered one event for coverage purposes, even if the later event occurs past the coverage period of the policy. The "relation back" provision states that "All **Claims** because of **One Insured Event** or, if purchased **One Third Party Insured Event,** will be considered to have been made on the date that the first of those **Claims** was first made."

---

**3.** The parties agree that Florida law governs the breach of contract claims.

(*Beazley Policy* at 20). Beazley argues, however, that this provision does not help Vozzcom's case, because, according to Beazley, the DaSilva claim is not an "insured event" as the term is used in the Beazley policy.

Beazley relies on the definition of "insured event" found in the policy, which "means actual or alleged acts of **Discrimination, Harassment, Retaliation** and/or **Inappropriate Employment Conduct,** by an Insured against an Employee ... [, but] ... shall not include Claims for actual or alleged violations of any federal, state or local **Wage and Hour Laws** or regulations. (*Id.* at 29)." Beazley argues that because "insured event" includes discrimination, harassment, retaliation and/or inappropriate employment conduct, and specifically excludes wage and hour law violations, DaSilva's claim of FLSA violations cannot be an insured event under the policy. Were this clause read in a vacuum, Beazley's position would be correct. Read in context with other policy provisions, however, Beazley's interpretation is untenable.

Beazley's Motion for Summary Judgment ignores the very existence of the Wage and Hour Enhancement Endorsement, a separate document attached to the policy, which provides that "[i]n consideration of the premium charged for the Policy,"

1. Notwithstanding Section II WHAT IS NOT COVERED, Exclusions E, the Insurer agrees to provide **Defense Costs** coverage for **Wage and Hour Claims.**

 For purposed of this endorsement, **Wage and Hour Claim** shall mean any **Claim** solely alleging violations of any **Wage and Hour Law.**

 \* \* \*

As respects coverage for **Claims** that allege violations of any **Wage and Hour Law** and also contain allegations of oth-

erwise covered **Insured Events,** the $150,000 Wage and Hour Limit shall apply to those **Defense Costs** attributable solely to that portion of the Claim alleging violations of any **Wage and Hour Law.** Notwithstanding the provision of Section I WHAT IS COVERED Defense D, the limit of liability stated in Item 4(d) shall apply to Loss, including **Defense Costs,** attributable solely to that portion of such **Claim** alleging the covered **Insured Events.**

(*Id.* at 12).

The policy language is clear that if the insured does not purchase the additional Wage and Hour Enhancement coverage, wage and hour claims are expressly excluded from coverage. But if an insured purchases the Wage and Hour Enhancement, wage and hour claims are expressly covered by the policy. The Wage and Hour Enhancement Endorsement states that where claims allege wage and hour violations and "also contain allegations of *otherwise covered Insured Events,* the $150,000 Wage and Hour Limit shall apply ...." (emphasis added). This statement can only be read to mean that the Wage and Hour Enhancement creates coverage for wage and hour claims such that they are "Insured Events."

 "Under Florida law, an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such a policy. As with all contracts, the interpretation of an insurance contract is a question of law to be determined by the court." *Fabricant v. Kemper Independence Ins. Co.,* 474 F.Supp.2d 1328, 1330 (S.D.Fla.2007) (citing *Graber v. Clarendon Nat'l Ins. Co.,* 819 So.2d 840, 842 (Fla. 4th DCA 2002)). "Florida courts have said again and again that insurance contracts must be construed in accordance with the plain language of the policy." *Siegle v.*

*Progressive Consumers Ins. Co.,* 819 So.2d 732, 735 (Fla.2002). Furthermore, "[a] court should read an insurance policy as a whole, and endeavor to give each provision its full meaning and operative effect." *Anderson v. Auto–Owners Ins. Co.,* 172 F.3d 767, 769 (11th Cir.1999) (citing *Dahl–Eimers v. Mutual of Omaha Life Ins. Co.,* 986 F.2d 1379, 1381 (11th Cir.1993)).

█ As Vozzcom points out, where one section of an insurance policy renders another section ambiguous, Florida law mandates that any ambiguity be resolved in favor of the insured, and in favor of coverage. " 'If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous.' An ambiguous provision is construed in favor of the insured and strictly against the drafter." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.,* 913 So.2d 528, 532 (Fla.2005) (quoting *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,* 845 So.2d 161, 165 (Fla. 2003)). *See also Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1304 (11th Cir.2008) (citing *Taurus Holdings, Inc.,* 913 So.2d at 532) ("[A]mbiguous provisions in an insurance policy should be interpreted in favor of coverage for the insured.")While the language in the Wage and Hour Enhancement is itself unambiguous, and clearly provides coverage for wage and hour claims, that provision does conflict with the definition of "Insured Event," resulting in an ambiguity in the policy. Under established Florida law, that ambiguity must be resolved in favor of Vozzcom and in favor of providing coverage. If the DaSilva claim is related to the Teixeira claim, coverage must exist under the Beazley policy.

Under the policy, "One Insured Event" includes (1) one or more covered allegations of **Discrimination, Harassment, Retaliation** and/or **Inappropriate Employment Conduct** which are related by an unbroken chain of events or (2) class action or multiple claimant or multiple plaintiff suits arising out of related **Insured Events.** (*Beazley Policy* at 31). The claims here fall squarely within the second category: multiple plaintiff suits arising out of *related* Insured Events. The Eleventh Circuit, construing Florida law, has determined that the word "related" is to be afforded its plain meaning. "The words 'relate' or 'related' are commonly understood terms in everyday usage. They are defined in the dictionary as meaning a 'logical or causal connection between' two events." *Continental Cas. Co. v. Wendt,* 205 F.3d 1258, 1262 (11th Cir.2000) (citing Webster's Third New International Dictionary (1981)).

In this case, Teixeira was employed by Vozzcom from approximately November 2006 through April 2007. DaSilva was employed by Vozzcom from September 2006 through April 2007. Teixeira was employed as a cable installer, as was DaSilva. Both employees claimed that Vozzcom failed to pay overtime wages for hours worked in excess of forty hours per week. The factual and temporal circumstances of the two claims are closely related; thus the Teixeira claim and the DaSilva claim constitute one insured event for purposes of coverage under the Beazley policy. Under the "One Insured Event" provision of the policy, the DaSilva claim is considered to have been made on the date the Teixeira claim was made, which is within the coverage period of the Beazley policy.

Beazley nevertheless argues that to allow coverage of the DaSilva claim as a related insured event would lead to "absurd results." (*Beazley's Mot.* at 10). Beazley contends that

If Plaintiff were correct that the Dasilva claim is covered because it somehow "relates back" to the Teixeira lawsuit, then there would never have been a need for

Plaintiff to have obtained a policy once the Beazley policy expired, because even after its expiration, according to Plaintiff, the overtime compensation claims of virtually any employee or ex-employee would be covered since in all likelihood that claim would be similar to Teixeira's. Beazley would be on the hook forever, without Plaintiff having to pay a single premium beyond the first year.

(*Beazley's Mot.* at 10). Beazley again ignores certain language within its policy. In the section titled "What is Covered," the policy states that any "notice of **Claim** must also be reported no later than sixty (60) days after the end of the Policy Period or, if applicable, the Extended Reporting Period." (*Beazley Policy* at 16).

As Vozzcom points out, were it now to be sued in a class action lawsuit for FLSA violations stemming from the same time period as the Teixeira and DaSilva suits, Beazley would not be responsible for coverage because the claim was made more than 60 days after the policy period. Beazley cannot "be on the hook forever" by the express terms of its contract. There is no absurd result here; the result is reasonable considering all of the provisions of the policy.

Vozzcom and Beazley agree that no material facts are in dispute in this case. They differ only as to their interpretations of certain policy provisions, and whether coverage applies to the DaSilva claim under the Beazley policy. The Court finds that the DaSilva claim is a claim related to the Teixeira claim under the policy, and the DaSilva claim was reported within the 60 day reporting period. Consequently, Vozzcom prevails on its two claims against Beazley, and Beazley must provide coverage for the DaSilva claim as a matter of law.

**B. Great American's Motion for Summary Judgment**

■ Great American's policy with Vozzcom is a "claims made" policy. As one court explained,

> "Claims made" insurance policies, as opposed to occurrence-based policies, are intended by insurers to avoid the "hazard of an indefinite future: Once the policy period has expired, the book can be closed on everything except thenpending claims." ... On the other hand, an insurer incurs a risk with this kind of policy: liability for "a claim that has been brewing and was ripe to erupt before the policy period, but is asserted only after the policy period begins."

*Ameriwood Indus. Int'l Corp. v. American Cas. Co.*, 840 F.Supp. 1143, 1148–1149 (W.D.Mich.1993) (internal citations omitted) (quoting *Nat'l Union Fire Ins. Company v. Continental Illinois Corp.*, 673 F.Supp. 300, 304 (N.D.Ill.1987)). Because of this risk particular to claims made policies, these policies generally include a number of exclusions designed to preclude liability for claims ready, but not yet made, at the beginning of the policy period. *Id.* at 1149.

Great American's policy contains a specific provision regarding multiple claims involving the same "wrongful act" or "related wrongful acts."

> More than one **Claim** involving the same **Wrongful Act or Related Wrongful Acts** of one or more Insureds shall be considered a single **Claim**. All such **Claims** constituting a single **Claim** shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such **Claim** was first made; or (2) the earliest date on which any such **Wrongful Act or Related Wrongful Act** was reported

under this Policy or any other policy providing similar coverage.

(*Great American Policy* at 22).

Courts have found the later of two related cases not to be covered under claims made policies with similar exclusion provisions. *See, e.g., Federal Ins. Co. v. Surujon*, 2008 WL 2949438 (S.D.Fla. July 29, 2008) (finding that because a claim related to an earlier related wrongful act, the claim was not covered under the current claims made policy); *Capital Growth Financial LLC v. Quanta Specialty Lines Ins. Co.*, 2008 WL 2949492 (S.D.Fla. July 30, 2008) (same).

In this case, the Teixeira and DaSilva claims are, as discussed regarding the Beazley policy, related claims.[4] Under the Great American policy, then, the DaSilva claim was made when the Teixeira lawsuit was filed. The Teixeira lawsuit was filed in August 2007, long before Great American's policy came into effect. The DaSilva claim is therefore outside of the coverage period of Great American's policy according to the express language of the policy.[5]

## IV. CONCLUSION

**In light of the foregoing, it is hereby ORDERED AND ADJUDGED that:**

1. Beazley's Motion for Summary Judgment [**D.E. 26**] is **DENIED.**

2. Great American's Motion for Summary Judgment [**D.E. 27**] is **GRANTED.**

3. Vozzcom's Motion for Summary Judgment [**D.E. 45**] is **GRANTED in part** and **DENIED in part.** Vozzcom is granted summary judgment against Beazley, and is denied summary judgment against Great American.

4. Vozzcom shall file a Proposed Order of Final Judgment no later than **June 26, 2009.** Vozzcom is reminded that pursuant to the CM/ECF Administrative Procedures, proposed orders shall be filed initially as an attachment to a notice or other filing, but the final version of the proposed document ***must*** be e-mailed to *altonaga@flsd.uscourts. gov.* The final version of the proposed document **shall be submitted by e-mail in WordPerfect or Word format.** The e-mail line and the name of the attachment should include the case number, followed by a short description of the attachment (e.g., 00–cv–00000 Order).

---

4. Vozzcom argues that there must be limits to "relatedness," and that although the DaSilva and Teixeira claims are comparable, they are not "related" for purposes of insurance coverage. Vozzcom is in the unique position of being forced to argue both for and against the relatedness of the claims. For coverage to exist under the Beazley policy, the claims must be related; for coverage to exist under the Great American policy, the claims cannot be related. While Vozzcom was required to argue alternate theories based on the Defendants' Motions for Summary Judgment, it obviously cannot prevail on both grounds.

5. Great American argues alternate grounds to demonstrate the DaSilva claim is not covered by its policy with Vozzcom. Because the Court finds the express language of the related claims provision precludes coverage, Great American's remaining arguments are not addressed.