[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2010
JOHN LEY
CLERK

No. 09-15263
Non-Argument Calendar
_____

D.C. Docket No. 09-60922-CV-CMA

VOZZCOM, INC., a Florida corporation,

Plaintiff-Appellant,

versus

GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK, a Foreign Profit Corporation d.b.a.
Great American Insurance,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Vozzcom, Inc., a cable and broadband outsourcing company, appeals the grant of summary judgment in favor of Great American Insurance Company of New York for Vozzcom's claim for declaratory relief seeking a determination that Great American has a contractual obligation to cover defense costs of a lawsuit filed against Vozzcom by one of its former employees. We affirm.

Vozzcom had an employment practices liability policy with Beazley Insurance Company, which covered defense costs in suits by Vozzcom employees for violations of wage and hour laws. In June 2007, Claudio Teixeira, a former Vozcomm cable installer, sued Vozzcom alleging it denied him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Beazly paid the costs associated with defending the *Texeira* suit.

Vozzcom's insurance policy with Beazley then expired, and it obtained a similar policy from Great American, which covered the period from January 1, 2008 through December 31, 2008. In January 2008, Fransisco DaSilva, another former cable installer, sued Vozzcom. The allegations of the *DaSilva* complaint were similar to the allegations of the *Texeira* complaint. Vozzcom sought coverage for the defense of the *Dasilva* lawsuit from both Beazley and Great American. Both companies denied coverage, and Vozzcom defended the *Dasilva* claim at its own expense. It then filed suit against Beazley and Great American seeking a declaratory judgment

2

as to each company's obligations under the insurance policies. The court granted summary judgment in favor of Vozzcom as to Beazley, and against Vozzcom as to Great American. *Vozzcom, Inc. v. Beazley Ins. Co.,* No. 08-62044-CIV, 2009 WL 3486308, (S.D. Fla. June 17, 2009). It found that the allegations in the *Taixeira* and *Dasilva* claims were "related" and were to be considered filed at the same time. *Id.* at *9. The court held that the Great American policy did not afford coverage for the *Dasilva* action because it was deemed to have been filed "long before Great American's policy came into effect." *Id.* But, it concluded the Beazley policy did afford coverage because the *DaSilva* action was filed within the policy's sixty-day window that covered claims filed after the insurance policy expired. *Id.* at *8.

In January 2009, Richard Elliot, another former cable installer, sued Vozzcom. The allegations in the *Elliot* complaint are similar to those made in *Texeira* and *DaSilva.* Vozzcom requested coverage from Great American for the defense of the *Elliot* lawsuit. Great American denied coverage, and Vozzcom filed this suit for declaratory relief. Both parties moved for summary judgment. The district court concluded that Great American was not obligated under its policy with Vozzcom to pay the costs of defending the *Elliot* lawsuit. (R. 1-30 at 16.) So, it granted summary judgment in favor of Great American and denied Vozzcom's motion for summary judgment. (*Id.*) Vozzcom appeals.

3

The insurance policy provides that multiple claims "involving the same Wrongful Act or Related Wrongful Acts" are to be considered a single claim and shall be deemed to have been made on the date on which any such claim was first made or on which any such act was reported under this policy or other policy providing similar coverage. (R.1-1 at 22, 35; *see also id.* at 19 (defining Wrongful Act and Related Wrongful Act).) We look to the allegations in the complaint to determine whether Great American has a duty to insure. *See Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005) (noting that a duty to insure arises "when the complaint alleges facts that fairly and potentially bring the suit within the policy coverage.") We find that the allegations in the *Elliot* action are nearly identical to and, at the very least, are "related" to those in the *Teixeira* and *DaSilva* actions. (*Compare* R.1-21 at Ex. A (*Teixeira* complatint) *with* R.1-21 at Ex. B (*DaSilva* complaint) *and* R.1-21 at Ex. E (*Elliot* complaint).) The plaintiffs in all three cases are former cable installers who worked for Vozzcom during the same approximate time period, and the complaints allege similar facts and FLSA violations. Therefore, we conclude that, under the terms of the policy, the *Teixeira, DaSilva,* and *Elliot* actions are to be considered a single claim. That claim was first made, at the latest, in June 2007 when the *Teixeira* lawsuit was filed. The Great American policy period started well after the *Teixeira* lawsuit was filed, so Great American is under

4

no duty to defend the *Elliot* action. Having concluded that the *Elliot* claim should be deemed to have been made before the insurance policy became effective, we need not consider whether the claim is excluded under other provisions in the insurance policy. We hold that the district court did not err in holding that Great American is not obligated to defend the *Elliot* action and by granting summary judgment in its favor.

AFFIRMED.